[Civ. No. 5405. First Appellate District, Division Two.—February 24, 1926.]

In the Matter of the Estate of GEORGE A. KNIGHT, Deceased. THE CROCKER NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant, v. FRANCES HALE KNIGHT, Executrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—AREA SET APART—DISCRETION OF TRIAL COURT.—In this proceeding to procure a probate homestead, in view of the character of the land sought to be set aside, and the fact that the contesting creditor did not contend in the trial court that the property should be divided and only a part thereof should be set aside to petitioner, or that the property was of a character that it could be divided without greatly impairing the value per acre, and the further facts that petitioner during her administration of the estate, as executrix thereof, had sold her own real and personal property and paid the proceeds thereof, to an amount almost double the value of the property sought to be set aside as a homestead, to and for the payment of claims against the decedent, and there were insufficient moneys and property in the estate to repay and reimburse her for the moneys so advanced, and that the contesting creditor had thereby received an amount in excess of its *pro rata* share of the estate of the decedent, the trial court did not abuse its discretion in setting apart as a probate homestead about six hundred acres of agricultural, tillable, and grazing land, upon which there were a house and barns suitable for a home.

(1) 29 C. J., p. 1034, n. 29.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a probate homestead. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck and J. F. Shuman for Appellant.

Chas. J. Heggerty for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of the city and county of San Francisco,

setting apart to Frances Hale Knight, as a probate homestead, certain real property out of the estate of her deceased husband, George A. Knight.

George A. Knight died in 1916, leaving a widow, Frances Hale Knight, respondent here, and two adult sons. Frances Hale Knight was appointed executrix of his will. As such executrix she sold some of the property of the estate and then petitioned the court to set apart to her as a probate homestead 680 acres of land in Mendocino County. This application was resisted by the Crocker National Bank of San Francisco, a creditor of the estate and appellant here, on the ground that the estate was insolvent.

[1] The only question involved is as to whether or not the trial court abused its discretion under the peculiar facts of this case. We think it did not. When the respondent herein applied to the court to set apart the property in question as a homestead for her, the appellant objected to this order being made. It did not contend that the property should be divided or that only a part thereof should be set apart to respondent or that the property was of a character that it could be divided without greatly impairing the value per acre. The appellant merely appeared opposing the granting of the homestead and prayed that respondent's petition should be denied. A hearing was had and testimony offered which supports the following findings of the court: "That the property consists of about six hundred acres of agricultural, tillable and grazing land, lying in one connected body and not in separate parcels, except that the state highway runs through a portion of it; that there is a house and barns upon the property and it is in every way suitable for a home for petitioner; that it was community property of petitioner and her husband; that the property was inventoried and appraised together with two other parcels which have since been sold by the executrix at the sum of $26,000 and that since then the executrix of the will of the decedent has sold the said two other parcels of the real property described in said inventory and appraisement for over $22,000, leaving the property sought to be set aside as a homestead unsold in said estate; that the value of said property is approximately $15,000; that the property remaining in said estate is of the value of approximately $1,100; that the property asked as a homestead cannot be

partitioned, cut up or divided without material injury, so as to select and set apart the portion thereof containing the said dwelling house and barns and a reasonable portion and quantity thereof as a homestead to and for the use of the petitioner, without materially impairing the value of both the said portion thereof that would and should be partitioned as a homestead and also the value of the portion thereof that would remain, and that the portion of said property that would remain after partitioning the same as aforesaid, would not be of any practical or material value for any use or for sale, and would be practically valueless for any use or for sale; and that said real property cannot and should not be partitioned or cut up, and that any remainder of said property that would be left upon any partition thereof could not be sold for any material sum and would not be of any material benefit or advantage to apply to the payment of any creditor or obligation of said estate; that the petitioner during her administration of said estate as executrix, has sold and disposed of her own real and personal property and has paid the proceeds thereof to the amount of exceeding $29,000 of her own property to and for the payment of claims against and indebtedness and obligations of the decedent and of said estate, and has never been repaid said sum, and she is entitled to reimbursement from the assets and property of said estate in the said sum and amount of exceeding $29,000, and that there is not now remaining in said estate any assets or property thereof sufficient to repay and reimburse the said petitioner for the said sum and amount of exceeding $29,000 so advanced, paid and applied by her out of her own property to and for the payment of said claims against said decedent, and that the rights of none of the creditors of said decedent will be injured or affected by an order setting apart all of said property as a homestead.''

It also appears from the record that the original claim of the appellant against the estate was something over $25,000 and interest and that it has been paid over $18,000 of this amount by the executrix out of her own property; that if the property in controversy be considered as an asset of the estate at a valuation of $15,000, nevertheless the proportion of the assets to the liabilities is such that the *pro rata* share of the appellant would be less than it has already received upon its debt and it would receive nothing more. There also

remains unpaid over $7,000 of claims superior to appellant's, such as unpaid family allowances, commissions of executrix, attorney's compensation, etc. Appellant is not injured, therefore, by the exercise of the discretionary power of the court in setting apart this homestead to the widow. It is further to be emphasized that the point urged by appellant, i. e., that a portion only of the property should have been set apart to the widow, was not presented to the trial court. Appellant made no request that the property be divided, but objected to the setting apart of a homestead.

In view of these facts and the findings of the trial court, we think that under the peculiar circumstances there was no abuse of discretion by the trial court.

The orders appealed from are affirmed.

Nourse, J., and Sturtevant, J., concurred.